1   Todd M. Friedman (SBN 216752)
    Adrian R. Bacon (SBN 280332)
2   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
3   21550 Oxnard St., Suite 780
    Woodland Hills, CA 91367
4   Phone: 877-206-4741
5   Fax: 866-633-0228
    tfriedman@toddflaw.com
6   abacon@toddflaw.com
7   *Attorneys for Plaintiff*

8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
    JUDITH KILLIAN, on behalf of herself )   Case No.
11  and all others similarly situated,    )
12                                         )   **CLASS ACTION**
    Plaintiff,                             )
13                                         )   **COMPLAINT FOR VIOLATIONS**
14         vs.                             )   **OF:**
                                           )
15  FRONTIER COMMUNICATIONS               )      1.   VIOLATIONS OF
16  CORPORATION, ALTURA CREDIT            )           ELECTRONIC FUNDS
    UNION, VERIZON WIRELESS               )           TRANSFER ACT [15 U.S.C.
17  (VAW), LLC, and DOES 1-10,            )           §1693 ET SEQ.]
18  inclusive,                            )      2.   VIOLATIONS OF
                                           )           ELECTRONIC FUNDS
19                                         )           TRANSFER ACT [15 U.S.C.
    Defendants.                           )           §1693 ET SEQ.]
20                                         )
21                                         )   **DEMAND FOR JURY TRIAL**
                                           )

22         Plaintiff JUDITH KILLIAN ("Plaintiff"), on behalf of herself and all
23  others similarly situated, alleges the following against Defendants FRONTIER
24  COMMUNICATIONS CORPORATION, ALTURA CREDIT UNION, and
25  VERIZON WIRELESS (VAW), LLC (collectively "Defendants") upon
26  information and belief based upon personal knowledge:
27  ///
28  ///

                        **CLASS ACTION COMPLAINT**
                                 **-1-**

1

## INTRODUCTION

2

3

1.      Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

4

5

2.      Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal

6

or equitable remedies, resulting from the illegal actions of Defendants debiting

7

Plaintiff's and also the putative Class members' bank accounts on a recurring

8

basis without obtaining a written authorization signed or similarly authenticated

9

for preauthorized electronic fund transfers from Plaintiff's and also the putative

10

Class members' accounts and debiting their accounts after clear revocation of any

11

authorization, thereby violating Section 907(a) of the EFTA, 15 U.S.C. §

12

1693e(a), Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b), and 12

13

C.F.R. §1005.10(c).  Plaintiff alleges as follows upon personal knowledge as to

14

herself and her own acts and experiences, and, as to all other matters, upon

15

information and belief, including investigation conducted by her attorneys.

16

## JURISDICTION AND VENUE

17

3.      This Court has jurisdiction under 28 U.S.C. 1331, because this action

18

is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

19

4.      Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m),

20

which states that, "without regard to the amount in controversy, any action under

21

this section may be brought in any United States district court."

22

5.      Venue and personal jurisdiction in this District are proper pursuant to

23

28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendants do

24

or transact business within this District, and a material portion of the events at

25

issue occurred in this District.

26

## PARTIES

27

28

6.      Plaintiff, Judith Killian ("PLAINTIFF"), is a natural person residing

---

**CLASS ACTION COMPLAINT**
-2-

in Riverside County in the state of California, and is a "consumer" as defined by the EFTA, 15 U.S.C. §16923(a).

7.     At all relevant times herein, DEFENDANT, FRONTIER COMMUNICATIONS CORPORATION ("DEFENDANT Frontier"), was a company engaged in the business of providing telecommunications and related services.

8.     At all relevant times herein, DEFENDANT, ALTURA CREDIT UNION ("DEFENDANT Altura"), was a company engaged in the business of providing credit to consumers and related services.

9.     At all relevant times herein, DEFENDANT, VERIZON WIRELESS (VAW), LLC ("DEFENDANT Verizon"), was a company engaged in the business of providing telecommunications and related services.

10.     The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."   The true names and capacities of the Defendants sued herein as DOE DEFENDANT 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendant and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendant. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendant.

## FACTUAL ALLEGATIONS - EFTA

12.     In or around September of 2015, Plaintiff entered into a written agreement with Defendant Frontier whereby Defendant Frontier would deduct sums from Plaintiff's account on a reoccurring basis for Plaintiff's use of Defendant Frontier's services.

13.     After Plaintiff's agreement with Defendant Frontier, Plaintiff had funds deposited into a separate account managed by Defendant Altura. Plaintiff had never entered into an agreement or authorized Defendant Frontier, Defendant Verizon or Defendant Altura to have Defendant Frontier or Defendant Verizon to deduct sums from this account on a reoccurring basis.

14.     Beginning in or around March of 2016 through December of 2017, Defendant Frontier and Defendant Verizon began deducting sums from Plaintiff's account with Defendant Altura on a reoccurring basis.

15.     Plaintiff informed Defendants that Defendant Frontier and Defendant Verizon had no authorization to deduct these sums from Plaintiff's account with Defendant Altura. Despite Plaintiff's request not to deduct sums from her account with Altura, Defendant Frontier and Defendant Verizon continued to do so, allowed and facilitated by Defendant Altura.

16.     Plaintiff never provided Defendants with any authorization to deduct any of these sums of money on a regular recurring basis from Plaintiff's banking account. Defendants continued to deduct sums for several months without Plaintiff's authorization.

17.     Defendants did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments for these sums.

18.     Plaintiff did not provide Defendants either with a written or an electronic signature authorizing the recurring or automatic payments.

1

2

3

19.     In addition, Defendants continued to deduct sums on a reoccurring basis after Plaintiff informed Defendants that they did not have authorization to do so.

4

5

6

7

20.     Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, 1005.9, and 12 C.F.R. §1005.10(c).

8

## <u>CLASS ACTION ALLEGATIONS</u>

9

10

11

12

21.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

13

14

15

16

17

18

19

22.     Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Revocation Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after the individuals having revoked consent to withdraw such sums within the one year prior to the filing of this Complaint.

20

21

22

23

23.     The Class and the Revocation Class shall be collectively referred to as "The Classes."

24

25

24.     Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendants obtaining a written authorization signed

26

27

28

or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

25.   Plaintiff represents, and is a member of, The Revocation Class, consisting of all persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after the individuals having revoked consent to withdraw such sums within the one year prior to the filing of this Complaint.

26.   Defendants, their employees and agents are excluded from The Classes.  Plaintiffs do not know the number of members in The Classes, but believe the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27.   The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of the members The Classes are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendants.

28.   This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Classes are so numerous that joinder of members of the Classes is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

29.   There are questions of law and fact common to the Class affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Classes members and include, but are not necessarily limited to, the following:

a.      The members of the Class entered into agreements with Defendant sto have automatic, or recurring, electronic payments drawn from their personal accounts to be paid to Defendants towards settlement of the Class members' alleges services received by Defendants.

b.      The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

c.      Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

d.      The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

e.      Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendants took unauthorized payments from Class members' accounts.

30.      There are questions of law and fact common to the Revocation Class affecting the parties to be represented.  The questions of law and fact to the Revocation Class predominate over questions which may affect individual Classes members and include, but are not necessarily limited to, the following:

a.      The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

b.      Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

c.      The members of the Class did not provide either a written ("wet") or

otherwise electronic signature authorizing the automatic or recurring electronic payments.

d.    Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendants took unauthorized payments from Class members' accounts.

e.    Despite revoking consent and authorization for payments to be drawn from their accounts, Defendants took unauthorized payments from Class members' accounts.

31.    As someone whose bank account was debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for these preauthorized electronic fund transfers and after revoking consent to have these sums withdrawn from her account Plaintiff is asserting claims that are typical of The Classes.

32.    Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

33.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

1
2
3
4
5

34.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

6
7
8

35.     Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

9
10
11
12
13
14

36.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative classes consist of thousands, of individuals and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable.  The actual number of putative class members is in the exclusive control of Defendant.

15
16
17
18

37.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Classes and Plaintiff has hired counsel able and experienced in class action litigation.

19
20
21

38.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

22
23
24

39.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

25
26
27
28

40.     Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability

finding and can be calculated by automated and objective means.

41.    The size and definition of the Classes can be identified through Defendants' records and/or Defendants' agents' records.

42.    In fact, EFTA specifically contemplates EFTA as suitable for class wide adjudication. *See* 15 U.S.C. §1693m(a)(2)(B).

**COUNT I:**
**DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER**
**ACT**
**(On Behalf of Plaintiff and the Class)**

43.    Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

44.    Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

45.    Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

46.    Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable."  *Id.* at ¶10(b), comment 6.

47.    In multiple instances, Defendants have debited Plaintiff's and also

the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

48.    In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUDITH KILLIAN, individually, and on behalf of the members of the Class, respectfully requests judgment be entered against Defendants, for the following:

49.    That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

50.    Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

51.    Actual damages;

52.    Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

53.    For prejudgment interest at the legal rate; and

54.    Any other relief this Honorable Court deems appropriate.

///

///

///

## COUNT II:
## DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT
### (On Behalf of Plaintiff and the Revocation Class)

55.   In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts by deducting funds from their account after any authorization that Defendants had was withdrawn.

56.   In addition, Regulation E at 12 C.F.R. §1005.10(c) states in relevant part, "A consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer." 12 C.F.R. § 1005.10.

57.   By deducting sums from Plaintiff's and Class Members accounts after they have revoked consent to have these sums withdraw, Defendants violated Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b), and Regulation E at 12 C.F.R. §1005.10(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUDITH KILLIAN, individually, and on behalf of members of the revocation Class, respectfully requests judgment be entered against Defendants, for the following:

58. That this action be certified as a class action on behalf of The Revocation Class and Plaintiff be appointed as the representative of The Revocation Class;

59. Statutory damages of $1,000.00, per Revocation Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

60. Actual damages;

61. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

62. For prejudgment interest at the legal rate; and

63. Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

64. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 12th day of June, 2018.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
       Todd M. Friedman
       Law Offices of Todd M. Friedman
       Attorney for Plaintiff